UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE MARGARET MIDWOOD, | No. 2:19-cv-1451 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security[1], | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge improperly rejected medical opinion evidence and plaintiff's testimony, and that the step five finding was unsupported.

////

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 7 & 8.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

In March or April of 2016, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on July 22, 2016. (Transcript ("Tr.") at 12, 192-201.) Plaintiff's alleged impairments included broken right foot, pain in left knee, and surgery on right wrist. (Id. at 222.) Plaintiff's application was denied initially, (id. at 145-48), and upon reconsideration. (Id. at 152-56.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 12, 2018. (Id. at 34-55.) Plaintiff was not represented but testified at the administrative hearing. (Id. at 34-40.) In a decision issued on July 19, 2018, the ALJ found that plaintiff was not disabled. (Id. at 23.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since March 16, 2016, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: degenerative joint disease status post closed reduction and pinning right distal radius fracture and right ankle fracture; carpal tunnel syndrome; cervical and lumbar degenerative disc disease; and obesity (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) with the following exceptions: the claimant is occasionally able to stoop, kneel, crouch, crawl, and climb; she must avoid hazards such as unprotected heights and dangerous, moving machinery; she requires the use of a cane while standing and walking; and she is never able to reach overhead.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born [in] 1984 and was 32 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

    7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

    8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

    9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

    10. The claimant has not been under a disability, as defined in the Social Security Act, since March 16, 2016, the date the application was filed (20 CFR 416.920(g)).

(Id. at 15-22.)

On June 11, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's July 19, 2018 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 30, 2019. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ's treatment of the plaintiff's testimony constituted error; and (3) the ALJ erred at step five of the sequential evaluation.[3] (Pl.'s MSJ (ECF No. 12-1) at 14-22.[4])

**I.  Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a

---

[3] Although plaintiff's motion asserts four claims of error, two of those claims concern the ALJ's step five error, which the court discusses as a single claim.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of opinions offered by Dr. Brian Ching, plaintiff's treating physician.  (Pl.'s MSJ (ECF No. 12-1) at 14.)  The ALJ discussed Dr. Ching's opinions, stating:

> In treatment notes dated June 2, 2016, and August 23, 2016, Dr. Ching opined that the claimant "continues to be disabled".  In treatment notes dated October 7, 2014, Dr. Ching opined that the claimant is "permanently disabled" and is unable to sit for more than one in a half hours at a time due to pain in the right upper and lower extremities due to arthritis.  In treatment notes dated August 23, 2016, Dr. Ching opined that the claimant continued to be "completely disabled" and she is unable to sit for more than 45 minutes to one hour at a time, she cannot stand for more than 20 minutes, and her left wrist cannot be used for more than 30 minutes at a time.

(Tr. at 20) (citations omitted).  The ALJ purported to afford Dr. Ching's opinions "partial weight."

////

With regard to Dr. Ching's opinions that plaintiff was disabled, the ALJ found that the opinions had "no probative value" and elected to "reject it" because they were opinions "on an issue reserved to the Commissioner . . . not entitled to controlling weight and . . . not given special significance[.]" (Id.)  This was erroneous.[5]

"'In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)).  In this regard, it is well-established that an ALJ may not "simply reject a treating physician's opinions on the ultimate issue of disability." Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014); see also Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) ("Dr. Johnson's statement that Hill would be 'unlikely' to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)(1), but instead an assessment, based on objective medical evidence, of Hill's likelihood of being able to sustain full time employment given the many medical and mental impairments Hill faces and her inability to afford treatment for those conditions.").

Moreover, when an ALJ elects to afford the opinion of a treating physician less than controlling weight, the opinion must be "weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). The ALJ's failure to discuss these factors "alone constitutes reversible legal error."  (Id. at 676.)

Accordingly, for the reasons stated above, the court finds that the ALJ failed to offer a specific and legitimate, let alone clear and convincing, reason for rejecting Dr. Ching's opinions.

////

---

[5] Confusingly, plaintiff asserts that "the ALJ correctly noted" that Dr. Ching's opinions on disability were an issue reserved for the Commissioner.  (Pl.'s MSJ (ECF No. 12-1) at 14.) Plaintiff is wrong.  Nonetheless, plaintiff also argues that "the ALJ erred by failing to set forth specific, legitimate reasons to reject" Dr. Ching's opinion that plaintiff "continued to be disabled[.]"  (Id.)  As explained above, the ALJ's rejection of Dr. Ching's opinions was erroneous.

Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## II.     Plaintiff's Subjective Testimony

Plaintiff also argues that the ALJ's treatment of plaintiff's testimony constituted error. (Pl.'s MSJ (ECF No. 12-1) at 16-19.)  The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "The clear and convincing standard is the most demanding required in Social Security cases."  Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."  Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect

of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony as follows:

> The claimant alleges she is unable to work due to her impairments. The claimant is a 34-year old woman with some college education. She testified that she suffered a broken ankle and right wrist in a car accident and she said that she has been informed that she has a hairline fracture in her back. She reported that she is not able to work because, due to the bones in her ankle fusing wrong after the accident, she now walks on the side of her foot and has to use a cane. She added that, because of the way she walks, she ends up pulling the muscles in her lower back and experiences constant lower back pain. She related that sitting hurts her back. The claimant testified that she had surgery on her wrist the day of the accident, but it has been "messed up" ever since. She stated that her right wrist feels like there is a sharp rubber band around her wrist and the pain refers to her neck and shoulder. She reported that her wrist is useable, but it has decreased functionality with respect to lifting "stuff" and "doing stuff." The claimant testified that, although she is left handed, because she was raise d in a "right handed world," she uses her right hand primarily for certain activities.
>
> The claimant testified that the problem she has with her activities of daily living is that sometimes her cane is not near to her bed and she has trouble finding it and getting out of bed. She added that when she takes her first step in the morning, her ankle "reminds [her] how much it hurts." She stated that, after she takes her medications, she is tired and it is hard for her to function. She reported that her mind wants to shut down. The claimant testified that using a cane on stairs is a hassle. She reported that her house has four steps in front and two in the back, so she usually goes up the back stairs.

(Tr. at 17-18.)

The ALJ then found that, although plaintiff's medically determinable impairments could reasonably be expected to "produce the above-alleged symptoms, the evidence [did] not support the conclusion that the claimant [was] entirely unable to work as a result of her impairments." (Id. at 18.) The ALJ then went on to discuss the medical evidence of record, before concluding that plaintiff's "subjective complaints are not entirely consistent with the medical evidence and other evidence in the record." (Id. at 18-21.)

////

However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms.  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Accordingly, plaintiff also is entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's testimony constituted error.

**III.    Step Five Error**

A claimant's Residual Functional Capacity ("RFC") is "the most [the claimant] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations.").  In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work.  42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996).  The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe."  20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003).  "[A]n RFC that fails to take into account a claimant's limitations is defective."  Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).  The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record."  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

At step five of the sequential evaluation, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform

despite his identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)) (alterations omitted). The ALJ can meet her burden by either taking the testimony of a Vocational Expert ("VE") or by referring to the grids. See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006). Here, the ALJ relied on the testimony of a VE. (Tr. at 21, 46-53.)

While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final RFC must account for all of the limitations and restrictions of the particular claimant. Bray, 554 F.3d at 1228.

"If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

Here, because the ALJ erroneously rejected Dr. Ching's opinions and plaintiff's testimony the ALJ's hypothetical to the VE did not account for the limitations supported by that evidence. Accordingly, the ALJ did not satisfy the step five burden. Plaintiff is, therefore, also entitled to summary judgment on the claim that the ALJ erred at step five of the sequential evaluation.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

1 Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met,
2 the court retains "flexibility to remand for further proceedings when the record as a whole creates
3 serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social
4 Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015)
5 ("Unless the district court concludes that further administrative proceedings would serve no
6 useful purpose, it may not remand with a direction to provide benefits."); Treichler v.
7 Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ
8 makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand
9 the case to the agency.").

10       Here, plaintiff asks that this matter be remanded for further proceedings and plaintiff's
11 request will be granted.  (Pl.'s MSJ (ECF No. 12-1) at 23.)

12       Accordingly, IT IS HEREBY ORDERED that:
13       1. Plaintiff's motion for summary judgment (ECF No. 12) is granted;
14       2. Defendant's cross-motion for summary judgment (ECF No. 13) is denied;
15       3. The Commissioner's decision is reversed; and
16       4. This matter is remanded for further proceedings consistent with this order.

Dated:  September 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\midwood1451.ord